UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YAHIR CASILLAS (A No. 097 211 218), | No.  1:26-cv-2444 TLN CKD P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| WARDEN, CALIFORNIA CITY ICE DETENTION FACILITY, | |
| Respondent. | |

Petitioner, detained by the Immigration and Customs Enforcement Agency (ICE) at the California City ICE Detention Facility (ECF No. 1 at 1), seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  This action was referred to this court by operation of Local Rule 302(c)(17) and 28 U.S.C. § 636(b)(1) and proceeds on the first amended petition filed April 21, 2026.  For the reasons which follow, the court recommends that the first amended petition be denied.

I. Facts

Petitioner, a citizen of Mexico, ECF No. 16-1, was granted lawful permanent resident status on May 14, 2004.  Id. at 3.  On October 24, 2023, petitioner was detained by ICE upon his release from Pleasant Valley State Prison and charged with being deportable under 8 U.S.C. §

/ / /

/ / /

1

1227(a)(2)(E)(i).  ECF No. 16-1 at 2.[1]  Petitioner was ordered to appear at removal proceedings on November 7, 2023, in Van Nuys.  ECF NO 16-2 at 1.

Petitioner was ordered removed on August 14, 2024.  ECF No. 16-3.  Petitioner appealed that decision to the Bureau of Immigration Appeals; the appeal was dismissed on December 5, 2024.  ECF No. 16-5 at 2.   A petition for review of that decision was filed in the Ninth Circuit on December 23, 2024.  ECF No. 16-7 at 5.  That matter is stayed pending decision in other cases.  Id. at 6.  Removal is stayed.  Id.

II.  Standard for Habeas Relief

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

III.  Prolonged Detention

Petitioner asserts his prolonged detention, approximately 31 1/2 months at this point, violates the Fifth Amendment.  He asks that the court either order release or order a hearing before an immigration judge at which the Department of Homeland Security would bear the burden of showing by clear and convincing evidence that petitioner is either a flight risk or dangerous; if the burden was not met petitioner would be entitled to release.

Petitioner fails to point to any law suggesting he is entitled to outright release.  Even if petitioner were subjected to indefinite detention as opposed to prolonged detention, release would

---

[1]  Petitioner has an extensive criminal record, ECF No. 16-1 at 3-4, which, for reasons that follow, the court need not recount here.

not be the remedy.  Rather, even in that circumstance, petitioner would have to make a showing that there was no significant likelihood of removal in the reasonably foreseeable future to be entitled to release.  Zadvydas 533 U.S. at 701.

Respondents concede and the court agrees that petitioner is entitled to a hearing under 8 U.S.C. § 1226(a) with the burden on petitioner to establish he is neither dangerous nor a flight risk, Rodriguez Diaz v. Garland, et al., 53 F.4th 1189, 1210-11 (9th Cir. 2022).  Under 8 C.F.R. § 236.1(d)(1) petitioner must request such a hearing and he has not done so.

In Rodriguez Diaz, Id. at 1212, the Ninth Circuit rejected the premise that the Due Process Clause demands that the burden of proof at a § 1226(a) bond hearing flips from being petitioner's burden to respondents' by clear and convincing evidence simply because of length of time in custody: "duration [of detention] alone cannot sustain a due process challenge by a detainee who has been afforded the process contemplated by § 1226(a) and its implementing regulations."

In light of the foregoing, petitioner has not established a violation of his right to due process under the Fifth Amendment.  The process afforded to petitioner under § 1226(a), at this point, is adequate.

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Petitioner's amended petition for a writ of habeas corpus be DENIED; and

2.  This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven (7)** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within **seven (7)** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 7, 2026

1.casi2444.imm.frs

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE